In our opinion in this case we held that under the Hawaiian law where there has been a grant of a fishing right by a land commission award, it is the "private property" of the landlord orkonohiki, subject only to certain rights of tenants orhoaainas, and when there are no tenants or hoaainas the landlord has a fee-simple title and is entitled to the full value of such fishery.
The petition for rehearing alleges the court overlooked the question of whether the defendant is entitled to be compensated for ownership of exclusive rights to all of the fish in the sea fishery, notwithstanding that the defendant's *Page 598 
predecessor in interest did not seek to establish, and did not establish, any rights of private fishing other than "the right to taboo one species of fish to his exclusive use"; that the just compensation to which the defendant is justly entitled is limited to the value of the right to taboo one species of fish to its exclusive use because defendant's predecessor in interest waived compensation for any other rights by failing to establish in his proceeding to register title under section 96 of the Organic Act anything more than that right alone.
The extent of the fishing rights in the fisheries of Nawiliwili and Niumalu are as set forth under the laws of the Territory of Hawaii and section 96 of the Organic Act merely related to bringing before the court a proceeding to register the title to such fisheries. Though the pleading may not have conformed to technical niceties of common-law pleading, the statute did not require such.
The circuit court found that the petitioner was entitled to the fisheries but it did state, as had been pleaded, a paragraph regarding the right of the owner to taboo one species of fish to his exclusive use. This surplusage related merely to the rights as between konohiki and hoaaina and, further, did not restrict the konohiki from selecting another species the next year or electing to take one third of the catch as he might choose to do from year to year. There was no authority in the circuit court to modify the rights of the owner of the ahupuaa
as defined by the statutes. All the court could do legally was to recognize and confirm the title to the fisheries; the statutes set forth the rights of the konohiki and hoaaina in great detail.
In Damon v. Tsutsui the judgment in the registration proceeding was the same as in the present case. It declared that the owner had a vested right to that certain sea fishery (describing the same) and further set forth "that the plaintiff is entitled each year to set apart for himself for *Page 599 
his sole and exclusive use within the fishing grounds within the metes and bounds above set out, one given species or variety of fish natural to said fishery, * * *" (31 Haw. 678), exactly as the wording in the present proceedings. This did not cut down the plaintiff's right to the ownership of the fisheries.
As pointed out in the opinion, if there occurred a time when there were no hoaainas on an ahupuaa or ili, then thekonohiki held the whole of the fishing rights and the government is obliged to pay just compensation for the property it takes. Here it has condemned the whole fishing right which belongs to the konohiki and his hoaainas, if any. It was stipulated by the parties there were no hoaainas having any rights in the fisheries, so the whole belonged to the konohiki.
Rehearing denied.